## GORHAM v. HERRICK.

The *liability* of the vendee to damage as the surety of the vendor, is not of it-self a sufficient consideration to support an *absolute* conveyance of property, against creditors.

And where the vendee, at the time of such absolute conveyance, executed a bond of defeasance to the vendor, it was holden to be incumbent on the vendee, in an action brought by him against an officer attaching the goods so conveyed, at the suit of a creditor of the vendor, to produce such bond, or to shew that upon due diligence its production was out of his power.

TROVER for a shearing machine, which the defendant, in the discharge of his duty as a deputy sheriff, had attached as the property of one *William Gorham* at the suit of *Leonard Richmond.* From the exceptions filed in the Court below, it appeared that the plaintiff was one of the sureties for his brother *William* at the Probate office, in a bond given by him as administrator on the estate of his father;—that several years after this they went together to a scrivener, for the avowed purpose of execut-ing certain instruments of conveyance for the security of the plaintiff against his liability on the Probate bond;—that accord-ingly *William* executed to the plaintiff an absolute deed of con-veyance of certain real estates, and assigned certain personal chattels, among which was the shearing machine in question;—and at the same time the plaintiff gave a bond to said *William*, conditioned to reconvey or account for the property so con-veyed to him, upon his being saved harmless from the Probate bond. It further appeared from the testimony of said *William's* attorney, who made out and assisted to settle his administration-account, that a large sum appeared to be in his hands, to be di-vided among the heirs; but there was no evidence that the plaintiff had ever paid money or suffered damage by reason of his suretyship.

It further appeared that said *William* and *Richmond*, the at-taching creditor, had been partners in trade,—that a few days before the conveyances to the plaintiff, they had dissolved their copartnership, and entered into articles, by which *William* as-sumed the payment of the partnership debts, which were con-siderable, and the payment of a farther sum to said *Richmond;*—and that soon after these transactions *William* absconded.

It was objected on the part of the defendant, that the bond for reconveyance, being executed at the same time with the

deeds and transfers, was part of the entire contract between the plaintiff and *William Gorham ;* and that the whole contract having thus been reduced to writing, it was not competent for the plaintiff to prove any part of it by parol, without first accounting for the absence of better evidence. But this objection the Court below overruled.

It was further objected by the defendant that parol testimony as to the amount of monies in the hands of said *William* due to the heirs of the intestate, was inadmissible, because better evidence could be had from the Probate office. But this objection also was overruled;—and a verdict by direction of the Court being returned for the plaintiff, the defendant filed exceptions and brought the cause here by appeal, pursuant to the statute.

*Fessenden*, for the plaintiff, now contended that it was enough for him to have shewn his title to the property by the deed of assignment;—the bond being no part of his title, he was not bound to produce it. It was as much in the power of the other party, as of the plaintiff, and the *liability* of the plaintiff on the Probate bond, he insisted was sufficient consideration for the conveyance.

*Greenleaf* and *W. K. Porter*, for the defendant.

WESTON J. delivered the opinion of the Court, as follows :

This case comes before us upon exceptions taken to the order and direction of the Circuit Court of Common Pleas, upon the trial there, in receiving certain testimony, objected to by the counsel for the defendant, as by law incompetent.

It was incumbent upon the plaintiff to prove that the article, for the conversion of which this action is brought, was in fact his property. And it became necessary for him to establish his title, not only as between himself and the party of whom he purchased, but also as against the creditors of that party. The article in question did belong to *William Gorham*, as whose property it was taken by the defendant, in his official capacity of deputy sheriff, by virtue of a precept legally sued out by a creditor of the said *William.* The plaintiff claims under a sale and transfer from *William* to himself. The defendant, representing a creditor, has a right to require that such sale and transfer should appear to have been made *bona fide*, and for a

Gorham *v.* Herrick.

good and sufficient consideration. The case finds that the consideration for the transfer of this and other property, was the liability which the plaintiff had assumed, as the surety of the said *William*, in an administration bond to the Judge of Probate. There was no evidence that the plaintiff had paid any money or sustained any damage, by reason of his liability. That alone could give him a right of action against his principal. But a surety may lawfully take security for his indemnity; or he may take a pledge of property real or personal, for the same purpose. An absolute conveyance of property, founded upon this consideration, may be defeated by subsequent purchasers, or by the creditors of the principal; for it may be that no damage will arise to the surety. We are therefore well satisfied that the plaintiff, as against the creditors of *William Gorham*, could only receive the property in pledge, to be returned in case he should finally sustain no damage in consequence of his liability; or should be otherwise indemnified.

It is insisted by the counsel for the plaintiff, that when he exhibited the instrument under which he claims, which purports to be an absolute transfer of the article in question, he furnished all the evidence which could lawfully be required of him, or which was necessary on his part;—that the counter instrument which he had given, is as much within the control of the defendant as of himself;—and that if that paper affords any matter of defence, the defendant should have taken measures for its production. But if, as has been before stated, the plaintiff could, as against the creditors of *William Gorham*, whom the defendant here represents, hold the property only as a pledge upon the consideration before mentioned, of which we entertain no doubt, it became incumbent upon him to shew that as such he did receive and now claims it. When therefore the plaintiff produced the instrument of sale to him, that, being in its terms an absolute transfer, was insufficient, upon the consideration proved, to entitle him to a verdict and judgment in his favour. He then offered and was received to shew by parol that the property passed to him as a pledge; and that the terms of the pledge were set forth in the condition of a bond, by him given to *William Gorham*. This testimony was objected to; and its admission by the Court below constitutes one of the exceptions,

the validity of which we are now called upon to decide. And we are of opinion that this testimony was illegally admitted.

It is one of the most familiar principles of the law of evidence, that inferior testimony is not to be received while higher exists in the power of the party, who relies upon it. Where therefore a contract has been reduced to writing, the written evidence must be produced, and parol testimony cannot be substituted, unless that which is written has been lost or destroyed ; or being in the possession of the adverse party, has not been produced upon notice. Considering this property as having passed to the plaintiff as a pledge, which is the only title which can avail him in the present action, the instrument which he received and that by him executed are parts of the same contract. It was incumbent upon the plaintiff in proving the whole contract, which he was bound to do, to procure the production of that part of it which went into the hands of *William Gorham*, who was himself a competent witness; or to shew that upon due diligence used, neither that nor the said *William* could be found. The plaintiff offered no proof of any steps taken or inquiry made by him, with a view to procure this paper ; and for aught we know such inquiry, if made, would have resulted in its production.

We are of opinion therefore that by reason of the illegal admission of the parol testimony before referred to, the verdict must be set aside, and a new trial granted at the bar of this Court.

From the view we have taken of this part of the case, it becomes unnecessary at this time to consider the effect of the other exceptions taken by the counsel for the defendant.